**The below described is SIGNED.**

**Dated: September 30, 2011** _____
                                    *William J. Thurman*
                                    **WILLIAM T. THURMAN**
                                    **U.S. Bankruptcy Chief Judge**

_____

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>    Andrew Jackson Colon and<br>    Brianna Suzanne Colon,<br><br>        Debtor(s). | Bankruptcy Case Number 10-25669<br>Chapter 13 |

### MEMORANDUM DECISION

The matter before the Court is Hidden Valley Heights Owners Association's ("Hidden Valley") Motion for Relief from Stay or in the Alternative, Motion for a Determination that the Stay Does Not Apply to Post-Petition [sic] Debt (the "Motion") against Andrew Jackson Colon and Brianna Suzanne Colon (the "Debtors").

The Court conducted a hearing on the Motion on August 25, 2011. Jeffrey C. Wilcox appeared for Hidden Valley and Geoffrey Chesnut appeared for the Debtors. At the conclusion of the hearing, the Court took this matter under advisement to determine: (1) whether Hidden Valley's postpetition homeowner's association ("HOA") assessments are excepted from the

1

Debtors' chapter 13 discharge under § 1328(a) by § 523(a)(16)[1] and (2) whether Provision 16.1

of Hidden Valley's Declaration of Covenants, Conditions, and Restrictions ("CC&Rs") entitles

either party to attorney's fees and costs incurred in this action.

      After careful review of the statutory authority, the case law, and the parties' briefs and

arguments, the Court issues the following Memorandum Decision, which will constitute its

findings of fact and conclusions of law.

## I.      JURISDICTION AND VENUE

      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is

appropriate under 28 U.S.C. § 1408. Notice of the hearing on this Motion is found to be

appropriate and adequate.

## II.      FACTS AND BACKGROUND

      The Debtors purchased a townhome in St. George, Utah, in 2005 located at 3155 S.

Hidden Valley Dr. #186 (the "Property"). The Property is subject to the CC&Rs of Hidden

Valley that are recorded with the Washington County Recorder. Around March 2009, the Debtors

vacated the Property—approximately one year prior to filing bankruptcy.

      The Debtors filed a chapter 13 bankruptcy petition on April 29, 2010 and listed the

Property as real property on schedule A. On the amended schedule F filed July 20, 2010, the

---

[1]    All subsequent chapter and section references herein are contained in title 11 of
the United States Code (2006) unless otherwise identified.

Debtors listed "Access Property Management, LLC" as a creditor[2] with a claim of $4,072.65 as

an obligation from "2009 HOA dues."

Hidden Valley filed a proof of claim, claim number 16, on May 4, 2010, in the amount of

$8,013.47 for unsecured HOA assessments. The invoice attached to Hidden Valley's proof of

claim states a balance of $5,866.32 and interest, late fees, and dues owing through April 2010 of

$2,147.15.

The Debtors filed an amended chapter 13 Plan (the "Plan") on July 20, 2010. In

paragraph 9, entitled "Collateral Surrendered and Relief from the Automatic Stay," the Plan

states that the Debtors surrendered the Property to the secured creditor, "Countrywide/BAC

Home Loans Servicing." On October 14, 2010, the Court signed a Confirmation Order

confirming the Debtors' Plan.

On October 28, 2010 the successor in interest to BAC Home Loans filed a Motion for

Relief of the Automatic Stay. No objections were filed and on November 28, 2010 the Court

signed the order granting the Motion for Relief of the Automatic Stay. Almost one year later,

however, the successor in interest to BAC Home Loans has yet to take action on the Property.

On June 7, 2011 Hidden Valley filed the Motion at issue. On July 7, 2011 the Court held

a preliminary hearing and denied the Motion without prejudice to be submitted again for a final

hearing. The Court scheduled and Hidden Valley gave notice of a final hearing. The Court

conducted an evidentiary hearing on the matter on August 25, 2011, which gave rise to this

Memorandum Decision.

---

[2]       The Debtors mistakenly listed Access Property Management, LLC, on schedule F
because Access Property Management, LLC, was Hidden Valley's management company to
whom the Debtors made payments. The correct creditor is Hidden Valley.

### III. DISCUSSION

### A.     Position of the Parties

Hidden Valley brought the Motion seeking relief from the automatic stay under § 362(d)[3]

to pursue HOA assessments that accrued postpetition against the Debtors. Recognizing the split

of authority concerning whether the automatic stay applies to postpetition HOA assessments, the

Motion also sought, in the alternative, a declaratory judgment that postpetition HOA assessments

are not subject to the automatic stay, and thus nondischargeable, in a chapter 13 bankruptcy case.

The main issue to explore in determining whether postpetition HOA assessments can be

discharged is whether postpetition HOA assessments can be "provided for" under § 1328(a) in a

chapter 13 plan.[4] Hidden Valley does not dispute that the prepetition HOA assessments were

provided for in the Plan when the Debtors listed Access Property Management, LLC as a creditor

and provided the amount of the prepetition claim. However, Hidden Valley argues that the

Debtors did not, and could not, provide for postpetition HOA assessments in the Plan because the

---

[3]     Section 362(d) states:
On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if —
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization . . . .

[4]     Section 1328(a) provides that "after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts *provided for* by the plan . . . ." (emphasis added).

4

postpetition assessments did not exist at the time of filing. Hidden Valley contends that to hold

that the Debtors can provide for postpetition HOA assessments in a chapter 13 plan would permit

homeowners to "shirk postpetition Association dues while still enjoying, at other homeowners'

expense, all the benefits and services provided by the Association."[5]

The Debtors argue, on the other hand, that postpetition HOA assessments meet the

definition of "debt" under § 101(12) and "claim" under § 101(5) and thus can be provided for in

a chapter 13 plan and discharged. The Debtors contend that holding otherwise would mean that

any debt which continues to accrue or that cannot be reduced to a definite sum would be

classified as non-dischargeable because such debts cannot be "provided for" in a chapter 13 plan.

As an alternative counter argument, Hidden Valley argues that postpetition HOA

assessments are covenants running with the land and therefore not subject to the Bankruptcy

Code. Hidden Valley cites no Utah state law on point, but instead relies upon the Ninth Circuit

Bankruptcy Appellate Panel ("BAP") decision of *Foster v. Double R Ranch Ass'n (In re Foster)*[6]

that applied Washington state law to determine that the covenant to pay HOA dues is one that

runs with the land and therefore may not be discharged in bankruptcy.

Conversely, the Debtors argue that the current situation is different from that in *Foster*

because, here, the Debtors vacated the Property prior to filing bankruptcy, surrendered the

Property to the secured creditor, and the Court granted a relief from stay to the secured creditor

who has yet to foreclose. As such, the Debtors analogize the situation to property tax

assessments, and argue that, even if a covenant runs with the land, then, as an owner of a

---

[5]      Hidden Valley Supp. Mem. 3, ECF No. 50.

[6]      435 B.R. 650 (9th Cir. B.A.P. 2010).

5

property interest, Hidden Valley may seek the remedy of foreclosure.

**B.**     **Postpetition HOA Assessments are Provided For in the Debtor's Chapter 13 Plan**

The first issue is whether Hidden Valley's postpetition HOA assessments are provided for in the Debtors' Plan under § 1328(a). Prior to the 1994 and 2005 congressional amendments to § 523(a)(16), this Court held in *In re Turner* that a Debtor's personal liability for postpetition HOA assessments was discharged in a chapter 7 bankruptcy.[7] The *Turner* court stated that the HOA's "postpetition assessments were merely the periodic maturing of [the HOA]'s prepetition claim and debtor's prepetition obligation, resulting in common expenses becoming due and payable."[8]

In addition, the court in *Turner* explained that "federal bankruptcy law, not state law, governs when a debt or claim arises for purposes of determining whether or not a debt is discharged . . . ."[9] As pointed out in *Turner*, § 101 defines the term "debt" as a "liability on a claim."[10] In turn, "claim" is defined as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."[11] The *Turner* court concluded that postpetition HOA

---

[7]     101 B.R. 751 (Bankr. D. Utah 1989).

[8]     *Id.* at 754.

[9]     *Id.*

[10]     *Id.* (applying the bankruptcy code as it was in effect at the time of its decision in 1989); § 101(12).

[11]     § 101(5)(A); *Turner*, 101 B.R. at 754 (applying the bankruptcy code as it was in effect at the time of its decision in 1989).

6

assessments are claims under the Bankruptcy Code, despite the fact that at the time of the plan's

confirmation they are not yet "fixed" or "matured" and remain "contingent."[12]

Hidden Valley claims that *Turner* was overruled by the congressional amendments to §

523(a)(16) undertaken in 1994 and 2005. The congressional amendments to § 523(a)(16) did

supersede *Turner*'s contention that in a chapter 7 case, HOA postpetition assessments are non-

dischargeable under § 727. However, the amendments did not disturb *Turner*'s contention that

HOA postpetition assessments are "claims" under the Bankruptcy Code and thus subject to

discharge.

The Court finds and concludes that the Debtors provided for the postpetition HOA dues

in the Plan because postpetition HOA assessments meet the definition of "claim" under § 101(5)

and "claims" can be provided for in chapter 13 plans.

### C.    Section 523(a)(16) Does Not Apply to Discharge under Section 1328(a)

The next issue is whether Hidden Valley's postpetition HOA assessments are excepted

from the discharge under § 1328(a) by § 523(a)(16). The discharge available under § 1328(a)

lists exceptions to discharge and even lists several sections of  § 523[13] but not § 523(a)(16).[14] In

---

[12]      101 B.R. at 753–54.

[13]      Section 1328(a)(2) excepts from discharge debts "of the kind specified in section
507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a) . . . ."

[14]      In 1994, in response to growing confusion regarding HOA assessments and
dischargeability, Congress amended § 523(a)(16) to except postpetition HOA assessments from
discharge when a debtor still occupied a unit. *See Foster*, 435 B.R 650, 658 (9th Cir. B.A.P.
2010). In 2005, Congress again amended § 523(a)(16) to add language indicating specifically that
assessments from HOAs were excepted from discharge. *Id.* (citing *Old Bridge Estates Cmty.
Ass'n, Inc. v. Lozada (In re Lozada)*, 214 B.R. 558, 563 (Bankr. E.D. Va. 1997), *aff'd*, 176 F.3d
475 (4th Cir. 1999)). Section 523(a)(16) now states:

addition, according to the plain language of § 523(a), § 523 does not apply to discharges granted under § 1328(a).[15] In contrast, the discharge available under § 1328(b) is subject to all of the subsections of § 523, so HOA assessments that become due postpetition are not dischargeable if the discharge obtained is under § 1328(b).

Despite Hidden Valley's reliance on *Foster*, the Court finds that case is factually distinguishable from the current situation. The debtor in *Foster* attempted to remain in his home postpetition while simultaneously seeking to discharge both pre- and postpetition HOA assessments.[16] The BAP stated that the issue was "[w]hether the bankruptcy court erred as a matter of law in concluding that HOA dues assessed and owed after the order for relief were not dischargeable *as long as debtor continued to reside on the property*."[17] The BAP further stated, "In essence, the 'running' covenant rule in this case boils down to one of 'you stay, you pay' since debtor's confirmed plan indicates he will stay in his home by curing his prepetition default

---

[F]or a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

[15]    Section 523(a) states that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . ."

[16]    435 B.R. at 661.

[17]    *Id.* at 655 (emphasis added).

8

on his mortgage and maintain on-going payments through his confirmed Chapter 13 plan."[18] In

noting that a chapter 13 discharge is broader than a discharge under chapter 7, the BAP

"doubt[ed] the omission of § 1328(a) in 523(a)(16) or vice versa evinces a legislative intent to

discharge postpetition HOA dues under § 1328(a) when the debtor uses the cure and maintenance

provisions under chapter 13 to stay in his or her property after the order for relief."[19] This Court

agrees that Congress' intent should not be inferred from omissions or anything other than the

plain reading of the statutes. This Court is limited to interpreting the language of the statutes

according to their plain meaning and applying those principles to the case at hand, which is

factually quite different from the case in *Foster*.

In this case, the Debtors vacated the Property more than one year prior to filing

bankruptcy. They have surrendered all rights in the Property to the secured lienholder and the

Court has granted relief from the automatic stay to that lienholder, as such they find themselves

in a real quagmire as the mortgage holder has not foreclosed.[20]

The Court also understands Hidden Valley's conundrum. Hidden Valley's duties to

---

[18]   *Id.* at 661.

[19]   *Id.* at 659 (citing *In re Danastorg*, 382 B.R. 585, 588 (Bankr. D. Mass. 2008)).

[20]   The Court notes and shares the concerns voiced by the court in *Pigg v. BAC Home Loans Servicing, LP (In re Pigg)*:

> With the real estate collapse, lenders, who otherwise have the right to do so, are choosing not to foreclose on their collateral leaving homeowners in limbo. In the case of a chapter 7 debtor who has surrendered her home in bankruptcy and been relieved of any personal liability on the mortgage, she cannot truly be given a fresh start because HOA fees are still accumulating until a lender chooses to foreclose.

453 B.R. 728, 733 (Bankr. M.D. Tenn. 2011).

9

maintain the neighborhood for the benefit of homeowners continue, yet it is saddled with an

empty property that is not paying dues for such purposes. Further, the first lienholder's lack of

foreclosure has put the HOA in a difficult position. However, the Debtors are not enjoying the

benefits of the HOA and to hold Debtors liable for postpetition HOA dues when they no longer

live at the Property and indeed have surrendered the Property to the secured lienholder is not only

inequitable, but in contrast to the plain language of § 1328(a).

The Court does not address the issue of whether CC&Rs run with the land under Utah

state law. Despite the fact that the Debtors are listed on the title to the Property, the Court finds

that the Debtors have no consequential interest in the Property that measures up to rights to

exercise ownership interests and control. Because the Court finds that postpetition HOA

assessments are dischargeable under § 1328(a), Hidden Valley cannot pursue the Debtors for

collection of those assessments and the stay should not be modified to allow the same.


D.      **Attorney's Fees are Not Awarded under Provision 16.1 of the Hidden Valley
        CC&Rs**

The Debtors indicated at the hearing on the Motion held on August 25, 2011 that if they

are the prevailing party that they would seek attorney's fees and costs under Provision 16.1 of the

CC&Rs. State law must be considered with respect to this issue.[21] As such, the Court must

determine whether Provision 16.1 of the Hidden Valley CC&Rs applies to the current situation,

where Hidden Valley's attempt to enforce the CC&Rs through a relief from the automatic stay

was unsuccessful.

---

[21]      *Butner v. United States*, 440 U.S. 48, 54–57 (1979).

Provision 16.1 of the CC&Rs is entitled "Enforcement" states that:

> The Association, Declarant or any Owner, shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration, or any rule of the Association, including but not limited to any proceeding at law or in equity against any person or persons violating or attempting to violate any covenant or restriction, either to restrain violation or to recover damages, and against the land to enforce any lien created by these covenants. . . . In the event action, with or without suit, is undertaken to enforce any provision hereof or any rule of the Association, *the party against whom enforcement is sought shall pay to the Association or enforcing Owner the reasonable attorney fees incurred with respect to such enforcement.*"

(emphasis added).[22] Thus, in this Court's plain reading of the provision, either a homeowner or

---

[22]    Provision 16.1 "Enforcement" of the Hidden Valley CC&Rs reads in its entirety as follows:

> The Association, Declarant or any Owner, shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration, or any rule of the Association, including but not limited to any proceeding at law or in equity against any person or persons violating or attempting to violate any covenant or restriction, either to restrain violation or to recover damages, and against the land to enforce any lien created by these covenants. Failure of the Association or of any Owner to enforce any covenant or restriction herein contained or any rule of the Association shall in no event be deemed a waiver of the right of the Association or any Owner to do so thereafter. In the event action, with or without suit, is undertaken to enforce any provision hereof or any rule of the Association, the party against whom enforcement is sought shall pay to the Association or enforcing Owner the reasonable attorney fees incurred with respect to such enforcement. The Board may levy a fine or penalty not to exceed ten percent (10%) of the amount of the maximum annual assessment against any Owner who fails to refrain from violation of these covenants or a rule of the Association, provided the Board has given said Owner three (3) days written notice and an opportunity for a hearing. An Owner who cures his violation within the three (3) days of receiving notice may not be levied against.

11

the association can bring an action to enforce the CC&Rs and either party would be entitled to
attorney's fees if enforcement is successful. If unsuccessful, the parties are responsible for their
respective attorney's fees incurred.

In Utah, "where a contract provides for attorney fees, they are awardable only on the
terms and to the extent authorized in the contract."[23] If a contract provision regarding attorney's
fees is not reciprocal, meaning that it provides for recovery to only one party, Utah Code Ann. §
78B-5-826, entitled "Reciprocal rights to recover attorney's fees" applies. Utah Code Ann. §
78B-5-826 provides that "[a] court *may* award costs and attorney's fees to either party that
prevails in a civil action based upon any promissory note, written contract, or other writing . . .
when the provisions of the promissory note, written contract, or other writing allow at least one
party to recover attorney fees."[24] The Utah Court of Appeals in *Carr v. Enoch* dealt with an
attorney's fees enforcement provision and although not the main issue, noted that the provision
was reciprocal with respect to attorney's fees:

> [A]lthough not comprehensive in scope, [the fee provision] is
> reciprocal in the sense that either buyer or seller would recover its
> fees if it successfully sued to *enforce* the contract, while both buyer
> and seller would be left to absorb their own fees if instead one party
> merely resisted successfully an action to enforce the contract brought

---

[23]    *Scott v. Majors*, 980 P.2d 214, 222 (Utah Ct. App. 1999) (citing *Carr v. Enoch
Smith Co.*, 781 P.2d 1292, 1296 (Utah Ct. App. 1989)).

[24]    Utah Code Ann. § 78B-5-826 (2011) (emphasis added). The Court notes the word
"may" in the statute which gives the court discretion when awarding attorney's fees to the
prevailing party. Thus, even if Utah Code Ann. § 78B-5-826 applied, this Court would decline to
award attorney's fees in its discretion given the nature of the Motion at issue. *Giusti v. Sterling
Wentworth Corp.*, 201 P.3d 966, 980–81 n.57 (Utah 2009) (citing *Bilanzich v. Lonetti*, 160 P.3d
1041, 1046 (Utah 2007)).

12

by the other party.[25]

In this case, Provision 16.1 of the CC&Rs is reciprocal as either the owner or the

association can recover attorney's fees if it is successful in bringing an enforcement action under

the CC&Rs. If such an enforcement action is not successful, both parties would be responsible

for their own fees incurred. Thus, Utah Code Ann. § 78B-5-826 does not apply to Provision 16.1

of the CC&Rs.

Hidden Valley did not prevail in its enforcement action by seeking relief from the

automatic stay and therefore is not entitled to attorney's fees under Provision 16.1 of the CC&Rs.

Additionally, because the provision is reciprocal in nature and the Debtors were merely

defending enforcement, the Debtors are not entitled to an award of attorney's fees. Further, the

Court exercises its discretion not to award any fees to either party.


## IV.    CONCLUSION

Based on the foregoing, Hidden Valley's Motion should be denied. A separate order will

accompany this Memorandum Decision.

---

[25]      781 P.2d 1292, 1295 n.5 (Utah Ct. App. 1989); *Giusti*, 201 P.3d at 979 (holding
that Utah Code Ann. § 78B-5-826 did not apply where "neither party had a contractual advantage
or assumed more contractual liability than the other"); *Jones v. Riche*, 216 P.3d 357, 359–61
(Utah Ct. App. 2009) (holding that because the attorney fee provision at issue "cut both ways . . .
the trial court was required to strictly enforce the agreement's terms, and the court was not at
liberty to rely on the Reciprocal Attorney Fees statute, Utah Code section 78B-5-826, to
contradict the agreement's terms").

___ooo0ooo___

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Andrew Jackson Colon
Brianna Suzanne Colon
1 West Sage Lane
Washington, UT 84780
     *Debtors*

Kevin R. Anderson
405 S. Main St., Ste. 600
Salt Lake City, UT 84111
     *Chapter 13 Trustee*

Andres Diaz
Geoffrey L. Chesnut
Red Rock Legal Services, P.L.L.C.
20 N. Main St., Ste. 305
St. George, UT 84770
     *Attorneys for Debtors*

Gallian, Wilcox, Welker, Olson & Beckstrom, L.C.
Russell J. Gallian
Jeffrey C. Wilcox
Jason N. Dixon
965 E. 700 S., #305
St. George, UT 84790
     *Attorneys for the Hidden Valley Heights Owners Association*

Stuart T. Matheson
Jon M. Jeppson
Armand J. Howell
Attorneys for Creditor
Bank of New York Mellon
648 East First South
Salt Lake City, UT 84102
     *Attorneys for Creditor Bank of New York Mellon*

ORDER SIGNED

14